UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO CARDENAS MACHADO,<br><br>Petitioner,<br><br>v.<br><br>KIM HOLLAND,<br><br>Respondent. | No. 1:17-cv-00979-AWI-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT COURT DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**(Doc. 1)** |

Petitioner, Delfino Cardenas Machado, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his due process rights were violated when he was denied the opportunity to introduce evidence in a prison disciplinary hearing. The Court referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record and applicable law, the undersigned recommends that the Court deny habeas relief.

**I.      Procedural Background**

In 2008, Petitioner was convicted of forcible rape (Cal. Penal Code § 261(a)(2)), and committing a lewd and lascivious act with a child under 14 years of age with the use of a deadly weapon (Cal. Penal Code § 288(b)) in Los Angeles County Superior Court. (Doc. 15-1 at 6.)

1

The Court sentenced Petitioner to 210 years to life in prison.

On May 16, 2015, Petitioner's was accused of possession of inmate manufactured alcohol, in violation of California Code of Regulations Title 15, § 3016(b).[1] On May 22, 2015, Correctional Officer G. Ibarra filled out a Rules Violation Report, which states:

> On May 16, 2015, at approximately 2045 hours, while conducting a search in Facility "C", Housing Unit 1, I entered cell 1-123, occupied by [Petitioner] . . ., and Inmate Little . . . . While I was searching their cell, I found an old Folgers coffee jar on the bottom left shelf. The jar contained yellow liquid with chunks of fermented fruit and had a pungent odor of rotten fruit. I notified Sergeant Bonham, who looked inside the container and confirmed the contents to be chunks of fermented fruit with an odor of rotten fruit, known to be inmate manufactured alcohol. I disposed of the contents by throwing it away in the outdoor trash container. . . . [Petitioner] did not display any bizarre, unusual, or uncharacteristic behavior. . . .

(Doc. 1 at 71.)

On June 2, 2015, a disciplinary hearing was held and presided over by Senior Hearing Officer ("SHO"), Correctional Lieutenant L. Machado ("Machado").[2] At the hearing, Petitioner pled not guilty and requested his cell mate, Little, as a witness "to give the following anticipated testimony: 'that the jar had fruit.'" *Id*. at 73. Machado "accepted that the witness would provide the given testimony if present at the hearing," and advised Petitioner that he "would stipulate that the requested witness would have provided the requested testimony if present in the hearing and [Petitioner] was satisfied with this response." *Id*. at 73-4.

Machado made the following findings at the disciplinary hearing:

[Petitioner] is being found GUILTY of violating California Code of Regulation Title 15, Section 3016(b) for the specific act of Possession of Inmate Manufactured Alcohol. This finding is based upon the following preponderance of evidence:

A) CDC 115 Rules Violation Report, authored by Officer G. Ibarra, dated 5-16-2015, where it states in part, I entered cell C1-123, occupied by [Petitioner] . .

---

[1] Pursuant to California Code of Regulations Title, 15 § 3016(b), "Inmates shall not possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff."
[2] The Court notes Correctional Lieutenant L. Machado and Petitioner have the same last name.

2

> . and inmate Little . . . . While I was searching their cell, I found an old Folgers coffee jar on the bottom left shelf. The jar contained yellow liquid with chunks of fermented fruit and had a pungent odor of rotten fruit. I notified Sergeant Bonham, who looked inside the container and confirmed the contents to be chunks of fermented fruit with an odor of rotten fruit, known to be inmate manufactured alcohol.
>
> B) Due to the size of the cell it is not reasonable to believe that [Petitioner] was able to escape the strong odor of rotten fruit/alcohol that filled the cell.

*Id*. at 74.

As punishment, Machado sanctioned Petitioner with 120-days credit forfeiture and 30-days loss of privileges. *Id*.

Petitioner filed a state petition for writ of habeas corpus in Kern County Superior Court. In the petition, Petitioner alleged the SHO violated his due process rights by denying him the opportunity to present documentary evidence and a witness. (Doc. 1 at 6.) On November 4, 2016, the superior court denied the petition, finding "some evidence supports the imposition of discipline. Furthermore, there are no due process violations." (Doc. 15-2 at 126.) Petitioner also filed a petition for writ of habeas corpus with the California Court of Appeal, which was summarily denied.

Petitioner filed his petition before this Court on July 24, 2017. Respondent filed a response on October 10, 2017, and Petitioner filed a reply on December 7, 2017.

## II. <u>Petitioner's Claim Does Not Lie at the Core of Habeas</u>

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or

3

duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489.

The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Nettles*, 830 F.3d at 935. (quoting *Skinner*, 562 U.S. at 535 n.13).

Under California law, the parole board must consider all relevant and reliable information in its determination whether the prisoner "constitutes a current threat to public safety." *Id.* at 935 (quoting *In re Lawrence*, 44 Cal. 4th 1181, 1213 (2008)). The parole board may deny parole "on the basis of any of the grounds presently available to it." *Nettles*, 830 F.3d at 935 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). As a result, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id*. Therefore, granting Petitioner's petition for writ of habeas corpus and expunging the disciplinary infraction would not necessarily change his chances of parole. Where a petitioner's success on his habeas claims would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id*

Here, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of possessing inmate manufactured alcohol and lost good time credit. (Doc. 51-2 at 74.) Petitioner is serving an indeterminate sentence of 210 years to life imprisonment. *Id*. at 2. Success on Petitioner's challenge to the disciplinary proceeding "would not necessarily lead to his immediate or earlier release from" custody. Accordingly, the undersigned recommends that the Court dismiss

4

the petition for lack of habeas jurisdiction.

**III.     Converting the Petition to a § 1983 Action Would Be Inappropriate**

In addition to clarifying federal courts' habeas jurisdiction to claims within the core of habeas, the *Nettles* court provided that a district court may construe a habeas petition to plead a civil rights claim after notifying the prisoner and obtaining his informed consent. 830 F.3d at 935-36. The undersigned recommends that the Court decline to do so in this case.

For a petition to be converted to a § 1983 action, it must be amenable to conversion "on its face," that is, it must name the correct defendant(s) and seek the correct relief. *See id.* at 936. Respondent Kim Holland, warden of the California Correctional Institution at Tehachapi, would not be an appropriate defendant in a civil rights action since Petitioner's claims do not address Holland's conduct. In addition, the petition would require substantial amendment to recast its grounds for relief as a civil rights claim and to identify and link the defendants allegedly responsible for each claim.

**IV.     The Disciplinary Hearing Did Not Deny Petitioner His Due Process Rights**

Assuming, *arguendo*, the Court has jurisdiction to consider Petitioner's claim, the Court recommends denying relief, because the disciplinary hearing did not violate Petitioner's Due Process Rights.

Petitioner contends he was denied his Due Process Rights because the SHO did not allow him to present a witness at his hearing, and the evidence that was presented did not support the SHO's decision. (*See* Doc. 1.) Respondents counters the petition should be dismissed because Petitioner's disciplinary sanctions were based on "some evidence." (Doc. 15 at 7-8.)

**A. Standard of Review**

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1984) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). Further, due process requires that a disciplinary decision be supported by "some evidence." *Id*. at 455 (citing *United States ex rel. Vatauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)).

The Supreme Court "has recognized that a governmental decision resulting in the loss of an important liberty interest violates due process if the decision is not supported by any evidence." *Id*. at 455 (internal citations omitted). The "some evidence" standard "is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id* (citing *Vatauer*, 273 U.S. at 106). The Court does not need to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence in order to determine whether the standard is satisfied. *Id*. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56 (internal citations omitted). Therefore, the Due Process Clause does not require the Court to "set aside decisions of prison administrators that have some basis in fact." *Id*. at 456.

**B. State Court Opinion**

The Kern County Superior Court denied Petitioner's claim, finding

> Petitioner contends there is no evidence to support the rules violation of possession of manufactured alcohol prohibited by 15 Cal. Code Regs. § 3016(b). He states the officer did not prepare a statement by both his cellmate (Little) and himself. The crux of the statement is Petitioner had no knowledge of the alcohol; and in fact it, belonged to Inmate little. He asserts that the hearing officer incorrectly paraphrased a question for Inmate Little who was designated as Petitioner's witness.
>
> The court finds some evidence supports the imposition of discipline. Furthermore, there are no due process violations. Consequently, the court denies the petition for writ of Habeas Corpus.

6

. . .

> So long as there is some evidence to support the imposition of discipline, the court will not disturb its imposition. *In re Powell* (1988) 45 Cal.3d 894, 902, 904, *In re Dykes* (2004) 121 Cal.App.4th 825, 829-830, *Superintendent v. Hill* (1985) 472 U.S. 445, 454-455.
>
> The rules violation report confirming the substance to be manufactured alcohol is sufficient evidence to support the rules violation. At his disciplinary hearing, Petitioner declined to make a statement, but stipulated to the anticipated testimony of Little that the jar contained only fruit.
>
> This is the exact statement Little made at his own hearing, enclosed with the petition. There is no due process violation here since the Hearing Officer stipulated to the anticipated testimony of Little as if he had personally appeared at the hearing. It was Petitioner who recited the stipulated testimony. The problem with both Petitioner's and Little's version of events, is there was fermented and rotten fruit in the jar characteristic of manufactured alcohol.
>
> Constructive possession is defined by actual knowledge and control of the contraband or the right to control contraband. 15 Cal. Code Regs. § 3000, *In re Rothwell* (2008) 164 Cal.App.4th 160, 165. Here, the shelf was in a common area for Petitioner, and as the hearing officer opined, it is impossible in such close quarters for Petitioner not to notice to smell of fermenting fruit.
>
> . . .
>
> The court finds some evidence supports discipline, and no due process violations. The court declines to issue an order to show cause . . . . *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258, 1291.

(Doc. 15-1 at 118-19.)

### C. Petitioner Was Not Denied His Due Process Rights

Prisoners facing disciplinary hearings have the right to call witnesses and present documentary evidence in their own defense when permitting the inmate to do so "will not be unduly hazardous to institutional safety or correctional goals." *Ponte v. Real*, 471 U.S. 491, 499 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Nonetheless, determining an inmate's right to present witnesses and relevant documentary evidence requires the court to balance the individual inmate's interest in avoiding loss of good conduct time against the institution's need to keep the hearing within reasonable limits and to limit witnesses that may create a risk of reprisal or

undermine authority. *Wolff*, 418 U.S. at 566.

Here, Petitioner requested his cellmate, Little, testify at the hearing, but then agreed to stipulate to Little's anticipated testimony that the jar contained fruit, not alcohol. At his own hearing before the SHO, Little made the same statement, that the contents of the jar was "not alcohol." (Doc. 15-1 at 85.) Additionally, in preparation for his own hearing, Little told a mental health evaluator that the jar contained "cool-aid." *Id*. at 88. Here, the decision to accept the testimony to which Petitioner stipulated was in the SHO's discretion to maintain "reasonable limits" on the hearing.

Further, pursuant to the California Code of Regulations, when an inmate requests a witness, the witness will be called, "unless the official conducting the hearing denies the request," because "[t]he official determines that the witness has no relevant additional information." Cal. Code Regs. tit. 15, § 3315(e)(1)(B). Here, the SHU reasonably determined Petitioner's cellmate, Little, would not provide information beyond that to which Petitioner stipulated.

Petitioner's Due Process Rights were not violated as the SHO supported his findings with "some evidence." A review of the record reveals there was at least "some evidence" to support the charge. The can of fermented and rotten fruit was found in Petitioner's cell. Even if, as Petitioner claims, it was found in his cellmate's locker, given the smell of the rotten fruit in the jar, Petitioner had to have knowledge of the jar's contents. The SHU could have reasonably inferred the jar found in Petitioner's cell was in Petitioner's constructive possession. *See People v. Rushing*, 209 Cal. App. 3d 618, 622 (1989) ("A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband is located is shared with others.") (internal citations omitted).

There is no basis for the Court to disagree with the Kern County Superior Court's reasoning and conclusion that some evidence supported the SHU's findings. The Superior Court's findings

8

were neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, the Court recommends denying Petitioner's claim.

## V. **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented require further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

## VI. Conclusion and Recommendations

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2018**      /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE